UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DENNIS CURTIS | : | |
| | : | |
| | : | |
| Plaintiff, | : | Civ. No. 3:19-CV-01579 (MPS) |
| | : | |
| v. | : | |
| | : | |
| AETNA LIFE INSURANCE COMPANY | : | |
| | : | |
| Defendant. | : | APRIL 22, 2020 |

## **AETNA LIFE INSURANCE COMPANY'S**
## **REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

By:  Theodore J. Tucci (ct05249)
     Patrick W. Begos (ct19090)
     Ivana D. Greco (ct29635)
     Robinson & Cole LLP
     1055 Washington Boulevard
     Stamford CT 06901
     Tel: (203) 462-7500
     Fax: (203) 462-7599

# TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT .................................................................................... 1

II.  ARGUMENT...................................................................................................................... 2

    A.   Meritless ERISA claims must be "weeded out" on a motion to dismiss............... 2

    B.   The ERISA claims fail as a matter of law because the Yale Plan plainly
       does not cover maintenance PT services. ............................................................. 4

    C.   The ERISA claims must also be dismissed because the Complaint fails to
       plausibly allege that CPB 325 impermissibly narrows or limits the Yale
       Plan. ..................................................................................................................... 7

    D.   The balance of Curtis's claims are not redressable in this lawsuit. ...................... 9

III. CONCLUSION................................................................................................................ 10

# TABLE OF AUTHORITIES

*A.G. by and Through N.G. v. Community Ins. Co.*,
  363 F.Supp.3d 834 (2019) .........................................................................................................7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)....................................................................................................................3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..................................................................................................................3, 6

*Black & Decker Dis. Plan v. Nord*,
  538 U.S. 822 (2003)....................................................................................................................5

*Blum v. Yaretsky*,
  457 U.S. 991 (1982)..................................................................................................................10

*Connolly v. Aetna U.S. Healthcare, Inc.*,
  286 F. Supp. 2d 391 (D.N.J. 2003) ...........................................................................................4, 7

*Cotten v. Blue Cross & Blue Shield of Mass. HMO Blue, Inc.*,
  No. 16-cv-12176, 2018 WL 6416813 (D. Mass. Dec. 6, 2018)...............................................3, 7

*Doe One v. CVS Pharmacy, Inc.*,
  348 F. Supp. 3d 967 (N.D. Cal. 2018) ......................................................................................3, 7

*Dura Pharm, Inc. v. Broudo*,
  544 U.S. 336 (2005)....................................................................................................................3

*Ferguson v. Ruane Cunniff & Goldfarb Inc.*,
  No. 17-CV-6685 (ALC), 2019 WL 4466714 (S.D.N.Y. Sept. 18, 2019)...................................2

*Fifth Third Bancorp v. Dudenhoeffer*,
  573 U.S. 409 (2014)....................................................................................................................3

*Meidl v. Aetna, Inc.*,
  346 F. Supp. 3d 223 (D. Conn. 2018).........................................................................................8

*Papasan v. Allain*,
  478 U.S. 265 (1986)....................................................................................................................6

*Rudeen v. Allstate Ins. Co.*,
  No. 3:16-CV-1827 (MPS), 2018 WL 1401978 (D. Conn. Mar. 20, 2018)................................7

*S.B. v. Oxford Health Ins., Inc.*,
  419 F. Supp. 3d 344 (D. Conn. 2019).........................................................................................8

*Pension Ben. Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*,
   712 F.3d 705 (2d Cir. 2013)..................................................................................................2, 3

*Stewart v. Nat'l Educ. Ass'n*,
   471 F.3d 169 (D.C. Cir. 2006)..............................................................................................3, 7

*US Airways, Inc. v. McCutchen*,
   569 U.S. 88 (2013).....................................................................................................................6

*Van Buskirk v. The New York Times Co.*,
   325 F.3d 87 (2d Cir. 2003).......................................................................................................10

*Wright v. Ernst & Young LLP*,
   152 F.3d 169 (2d Cir. 1998).....................................................................................................10

*Yunus v. Robinson*,
   No. 17-CV-5839 (AJN), 2019 WL 168544 (S.D.N.Y. Jan. 11, 2019) ...................................10

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ...........................................................................2, 7, 10

## I.       PRELIMINARY STATEMENT

Curtis's opposition boils down to two arguments. First, he asserts the Court cannot dismiss his action seeking reprocessing of a claim for medical services even if the Yale Plan does not cover the requested service. Opp. Br., pp. 11-13. Second, Curtis contends that the Court must accept his implausible allegations that CPB 325 impermissibly narrows the Yale Plan, even though a plain reading of the documents demonstrates otherwise. *Id.*, pp. 13-18. Both arguments are wrong.

Curtis's opposition makes crystal clear that his action seeks reprocessing of his claims for "**covered** therapy benefits." Opp. Br., p. 1 (emphasis added); *see also id.*, p. 2 (challenging denial of "**covered plan benefits**") (emphasis added); Amended Complaint ("Complaint") ¶¶ 14, 22-23. Plainly, whether the Yale Plan covers a benefit is a legal question that can and should be resolved on a motion to dismiss. Just as plainly, the Court can reject Curtis's conclusory and internally inconsistent allegation that Aetna routinely denies claims for covered PT services based on "additional material restrictions" in CPB 325 that are contrary to the Yale Plan. Opp. Br., pp. 13-16.

Reduced to its essence, this is a case about Curtis's demand for "maintenance care" PT services not available under the Yale Plan. As Curtis admits, the "gravamen" of his claim is that Aetna improperly applied the Yale Plan in concluding "that rehabilitative therapy services … are not medically necessary when the services will maintain and prevent deterioration of a patient's condition[.]" Opp. Brief, p. 20. But the Yale Plan placed exactly that limitation on rehabilitative PT. Curtis incorrectly protests that Aetna asks the Court to "make ultimate evidentiary determinations" on this motion, Opp. Br., p. 2; *see also* p. 13. The Complaint does not ask the Court to overturn Aetna's determination and order payment of benefits (presumably because that would prevent Curtis from styling this claim as a class action). Instead, Curtis asks the Court to order Aetna to reprocess his claim for maintenance PT, following the Yale Plan's terms without reference to CPB

325. Complaint, Prayer for Relief, ¶7; Opp. Br., p.1. Because the Yale Plan does not cover the maintenance PT that Curtis seeks, there can be no basis for reprocessing as a matter of law.

In summary, Curtis's claims must be dismissed for these reasons: **First**, Curtis cannot move his case past the pleading stage simply by repeating the legal elements of an ERISA cause of action because courts must weed out ERISA claims that fail as a matter of law or that are based on conclusory assertions. **Second**, because the plain terms of the Yale Plan do not allow maintenance PT services as a covered benefit, the case should end here. **Third**, Curtis's allegation that CPB 325 impermissibly narrows the availability of PT benefits is contradicted by the Yale Plan and is therefore implausible. **Fourth**, Curtis has no standing and cannot sue for (a) a new claim he seeks to allege in his opposition brief, (b) disgorgement of money Aetna never possessed, and (c) claims under CPBs that were never applied to him.

## II.    ARGUMENT

### A.    Meritless ERISA claims must be "weeded out" on a motion to dismiss.

Curtis posits that his ERISA claim must survive because he alleges "that his physical therapy services were, in fact, covered benefits ('Eligible Health Services') under his Plan." Opp. Br., p. 3. That is not a "fact," and a valid ERISA claim cannot be created by simply insisting that it exists.

"Rule 12(b)(6) is an important mechanism for weeding out meritless claims in the ERISA context." *Ferguson v. Ruane Cunniff & Goldfarb Inc.*, No. 17-CV-6685 (ALC), 2019 WL 4466714, at \*3 (S.D.N.Y. Sept. 18, 2019). In particular, "the nature of [a party's] allegations under ERISA [may require] particular care in applying" the plausibility standard. *Pension Ben. Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc*., 712 F.3d 705, 718 (2d Cir. 2013); *id.* at 719 (failing to weed out implausible ERISA claims raises "the possibility that 'a plaintiff with a largely groundless claim will simply take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value'" (quoting *Dura Pharm, Inc. v. Broudo*,

544 U.S. 336, 347 (2005)); *see also Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014) (in an ERISA class action, "careful, context-sensitive scrutiny of a complaint's allegations" is required to ensure that a proper claim is stated before discovery is undertaken).

In defending the Complaint's sufficiency, Curtis resorts to the shopworn tactic of parroting the elements of an ERISA § 502 benefits claim, culminating with the conclusion that "he has been improperly denied benefits for medically necessary PT services that he was entitled to receive pursuant to the Yale Plan." Opp. Br., p. 11. Curtis must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("naked assertions devoid of further factual enhancement" are insufficient to state a claim). The claim that the Yale Plan affords coverage for maintenance PT services is a question of law, and Curtis cannot force the Court "to accept as true a legal conclusion couched as a factual allegation." *Pension Ben. Guar. Corp.*, 712 F.3d at 717 (citation omitted).

As Aetna noted previously – and Curtis does not contest – plan provisions are the bedrock of an ERISA benefits claim, and the Court must enforce the unambiguous terms of the plan. Aetna Brief, pp. 16-17. If the plan terms construed as a whole do not cover the requested benefit, ERISA § 502 claims fail as a matter of law. *See Cotten v. Blue Cross & Blue Shield of Mass. HMO Blue, Inc.*, No. 16-cv-12176, 2018 WL 6416813, *2 (D. Mass. Dec. 6, 2018) (dismissing claims for denial of wilderness therapy services, because "[w]hile the plaintiffs' recitation of the rules of construction is sound, their reading of the plans is not"); *Doe One v. CVS Pharmacy, Inc*., 348 F. Supp. 3d 967, 993 (N.D. Cal. 2018) ("[T]he lack of any specific reference to plan provisions which affords the benefits to which they contend they are entitled warrants dismissal of Plaintiffs' denial-of-benefits ERISA claim."); *Stewart v. Nat'l Educ. Ass'n*, 471 F.3d 169, 175 (D.C. Cir. 2006)

(affirming dismissal of ERISA claim because plaintiff "cannot escape the plain language in the Plan Document"); *Connolly v. Aetna U.S. Healthcare, Inc.*, 286 F. Supp. 2d 391, 406 (D.N.J. 2003) ("[P]laintiffs' claim could . . . not be brought under § 502 of ERISA for recovery of benefits, as this benefit was not due them under the plan.").

Curtis's meritless ERISA claims should not be allowed to proceed further.

**B.    The ERISA claims fail as a matter of law because the Yale Plan plainly does not cover maintenance PT services.**

The purpose of this lawsuit is to require Aetna to reprocess Curtis's claim for maintenance PT services in accordance with the Yale Plan. Opp. Br., p. 1. According to Curtis, Aetna violated a "fundamental requirement of ERISA claims administration" by considering "improper, non-plan requirements and limitations" that "limit medically necessary rehabilitative therapy to therapy that will result in significant improvement to the patient's condition and purport[] to exclude therapy that is prescribed to maintain or prevent deterioration of a patient's condition." *Id.*, p. 7. Curtis baldly asserts that "nothing in the Plan's coverage provisions for PT services require[s], as a condition for coverage, that [Curtis's] condition be expected to significantly improve" within some specified timeframe. *Id.*, p. 6.

Curtis is wrong, because the Yale Plan unambiguously requires exactly that. The Yale Plan states explicitly: "Eligible health services include: Physical therapy, but **only if it is expected to significantly improve or restore physical functions lost as a result of an acute illness, injury or surgical procedure**." Yale Plan, p. 35 (emphasis added). The decision to limit PT services to those intended to improve or restore lost function over a period of care is reinforced by reading the Yale Plan as a whole. For example, the "Maintenance Care" limitation exclude services "that maintain, rather than improve, a level of physical or mental function, except for habilitation

-4-

therapy services." *Id.*, at p. 48.[1] Curtis acknowledges that the Yale Plan does not afford him benefits for Maintenance Care, but curiously attempts to recast his purported need for PT services as "habilitative therapy," a benefit he never sought in the administrative claim process and which is mentioned nowhere in his Complaint. *See* Section D, *infra*.

Yale, as the Plan Sponsor, determines the circumstances under which PT services are a covered benefit. *Black & Decker Dis. Plan v. Nord*, 538 U.S. 822, 833 (2003) ("[E]mployers have large leeway to design … welfare plans as they see fit."). Curtis cannot sue under ERISA to force Aetna to approve (and Yale to pay for) non-Plan benefits.[2] Indeed, Curtis admits that Yale is permitted to determine the scope of its PT coverage, up to and including choosing not to offer any PT services at all. Opp. Br., p. 19 ("Yale University could, permissibly, have chosen not to include any PT services within the Yale Plan's . . . coverage" or it could have adopted "coverage limitation[s].") (emphasis in the original). Yale plainly chose not to cover maintenance PT.

Curtis advances various arguments to avoid the Yale Plan's absence of coverage for maintenance PT services, hoping that the Court will find one to be plausible, but none are.

Curtis objects that Aetna asks the Court to decide disputed factual issues, including whether his request for maintenance PT is an "Eligible Health Service" and whether there is any "likely benefit to Mr. Curtis of the PT services that he was prescribed[.]" Opp. Br., pp. 11, 13. Quite the contrary, Aetna accepts as true (for purposes of this Motion) Curtis's allegation that receiving PT services would maintain his current level of "balance, strength and mobility." *See* Opp. Br., p. 9.

---

[1] The Plan is clear that in general, it excludes coverage for services "designed primarily for enhancing your: Strength[,] Physical condition[,] Endurance[,] Physical performance." *Id.*, at p. 50.

[2] Curtis harbors the incorrect belief that his conclusory declaration that "he was wrongly denied benefits for PT services constituting 'eligible health services' covered by the Yale Plan" defeats dismissal. Opp. Br., p. 4; Complaint ¶ 35. The availability of PT services for rehabilitation does not mean that the Yale Plan covers PT for maintenance. For example, the fact that a plan might cover PT for a period of time after knee surgery does not mean that the plan covers that PT for the life of the patient. The viability of Curtis's claim depends on whether the Yale Plan provides coverage for the maintenance PT services that Curtis seeks, which it does not.

Nonetheless, the Court must reject the conclusory assertion that maintenance PT services are "in fact, covered benefits … under his Plan[,]" Opp. Br., p. 3, because Curtis has merely alleged "a legal conclusion [and] couched [it] as a factual allegation[,]" which the Court is "not bound to accept as true[.]" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Curtis also characterizes Aetna as imposing a rigid time limit for PT services not supported by the Yale Plan. CPB 325 does no such thing.[3] *See infra* Section C. But even if the Court entertained this argument, the Complaint is devoid of a single factual allegation that Curtis's claim was denied because he was not expected to improve fast enough. The Complaint repeats (over and over again) that Curtis is entitled to PT services even if there is no expectation that they will **ever** improve his function. Complaint ¶¶ 4, 17, 21, 26. In the same vein, Curtis declares without plausible factual support that generally accepted standards of medical practice allow for therapy "to maintain and prevent the deterioration of a patient's condition[.]" *Id.*, ¶ 24.[4] Accordingly, the Complaint, on its face, shows why maintenance PT is not medically necessary under the Yale Plan.

In sum, the Court is not required to accept Curtis's conclusory allegation that maintenance PT services are covered services, because: (1) the Plan itself is clear that they are not; (2) Aetna permissibly provided the Court with a copy of the Plan; and (3) the Court is perfectly able to read and apply the Plan's plain language. *See US Airways, Inc. v. McCutchen*, 569 U.S. 88, 102 (2013) (Courts construe ERISA plans according to "[o]rdinary principles of contract interpretation.").

---

[3] Comparison of the Yale Plan and CPB 325 defeats this argument. The Yale Plan imposes the constraint that any eligible health service be "[c]linically appropriate in terms of ... duration[.]" Yale Plan at 91. CPB 325 does not state that Aetna will evaluate a PT claim to determine if an expected improvement will occur within thirty days; it leaves that determination up to the treating provider. CPB 325, p. 1. Moreover, even where the treating provider does not expect such improvement, CPB 325 allows for coverage for PT that is "necessary for the establishment of a safe and effective maintenance program that will be performed by the member without ongoing skilled therapy services." *Id.*

[4] Curtis acknowledges that his Complaint does nothing more than catalogue "numerous leading medical authorities in this country" that support his contention. Opp. Br., p. 17. Nowhere does the Complaint allege facts to demonstrate that such sources are "peer reviewed medical literature[,]" or that they establish "generally accepted standards of medical practice" as required under the Yale Plan. Complaint, ¶ 15.

This Court has not hesitated to apply Rule 12(b)(6) standards where a plaintiff has no contractual entitlement to coverage under the plain terms of a policy. *E.g.*, *Rudeen v. Allstate Ins. Co.*, No. 3:16-CV-1827 (MPS), 2018 WL 1401978, at *4 (D. Conn. Mar. 20, 2018) (Shea, J.) (dismissing claim where "the unambiguous language of its policy does not cover [plaintiff]'s alleged loss"). Other courts have done the same with ERISA claims seeking benefits not covered by the plan. *A.G. by and Through N.G. v. Community Ins. Co.*, 363 F.Supp.3d 834 (S.D. Ohio 2019) (dismissing under Rule 12(b)(6) a claim for plan benefits in part because plaintiff's argument was inconsistent with the terms of the plan); *see also Doe One*, *supra*; *Cotten, supra; Stewart*, *supra*; *Connolly*, *supra*. Here, Curtis is asking for PT services regardless of whether he has met the Yale Plan requirements. Curtis sees no need to demonstrate physical function lost as a result of an acute illness, injury or surgical procedure or that his request is for the purpose of significantly improving or restoring physical function lost as a result thereof. Instead, the Complaint incorrectly (and fatally) alleges that none of those elements are necessary.

## C. The ERISA claims must also be dismissed because the Complaint fails to plausibly allege that CPB 325 impermissibly narrows or limits the Yale Plan.

Curtis does not dispute that ERISA permits a claim administrator to use medical guidelines that "reasonably interpret[] the plan provisions[.]" Opp. Br., p. 15. Curtis's CPB 325 argument, created out of whole cloth, is that his maintenance PT claim should be reprocessed because CPB 325 "do[es] not clarify or elaborate existing [Yale Plan] limitations, but create[s] wholly new requirements." *Id.*, p. 14.

Curtis remarkably does not address, at all, Aetna's side-by-side substantive analysis of CPB 325 and the Yale Plan, showing their consistency. Aetna Br., pp. 14-15. He nonetheless repeatedly (and baselessly) asserts alleged inconsistent and narrow requirements that fail to hold up when compared with the plain language of the Yale Plan:

| Curtis Assertion about CPB 325 | Yale Plan |
|---|---|
| It "purports to limit medically necessary rehabilitative therapy to therapy that will result in significant improvement to the patient's condition[.]" Opp. Br., p. 7. | "Eligible health services include ... Physical therapy, but only if it is expected to significantly improve or restore physical functions lost as a result of an acute illness, injury or surgical procedure." Yale Plan, p. 35. |
| It "purports to exclude therapy that is prescribed to maintain or prevent deterioration of a patient's condition." *Id.* | Maintenance care exclusion excludes "Care made up of services ... that maintain, rather than improve, a level of physical or mental function, except for habilitation therapy services." *Id.*, p. 48 |
| It "require[s] significant improvement in the plan member's condition within a specified period of time." *Id.* | Health services must be "[c]linically appropriate in terms of ... duration[.]" *Id.*, p. 91. |

Curtis also fails to address the fundamental illogic of his claim that: (i) Aetna consistently denies PT claims based on limitations in CPB 325; (ii) his PT claims have had the same "medical necessity, purpose and likely effect" at all relevant times; yet (iii) Aetna has approved some of his claims and denied others. Aetna Br., p. 5, n.1.

Curtis contends that "[t]here is no question" that the Amended Complaint "states valid claims" because of the rulings in *S.B. v. Oxford Health Ins., Inc.*, 419 F. Supp. 3d 344, 361 (D. Conn. 2019) and *Meidl v. Aetna, Inc.*, 346 F. Supp. 3d 223, 228 (D. Conn. 2018). Opp. Br., pp. 1-2. Neither case holds that an ERISA claim seeking benefits that the plan does not cover can survive dismissal. Curtis also incorrectly describes *S.B.* as holding that a plan administrator violates ERISA "by imposing [specific] requirements for establishing medical necessity not contained in [the] plan." Opp. Br., p. 1. This Court held no such thing, but instead observed (consistent with other courts around the country) that the medical guidelines in that case were permissible if "intended to elaborate on the eligibility requirements in the Plan, such as the definition of medical necessity – not transform them." 419 F. Supp. 3d at 361. *Meidl* holds nothing different (application of medical guidelines

imposing standards not required by the plan, or interpreting plan standards inconsistent with their plain language, may constitute an abuse of discretion).

### D.    The balance of Curtis's claims are not redressable in this lawsuit.

The remainder of Curtis's Opposition consists of a grab-bag of arguments that do not rescue the Complaint from dismissal.

**First**, Curtis now tells the Court for the first time (and in so doing contradicts the Complaint's express allegations) that his claim for maintenance PT services may be covered as "habilitation therapy," and thus the Court is free to ignore the Maintenance Care exclusion and reject CPB 325's guidance. Opp. Br., pp. 8-9. Curtis's Complaint does not mention the term "habilitation;" there is no allegation that his PT concerned skills necessary for "daily living;" and there is no claim that Aetna denied him habilitation services. This is for good reason. Habilitation services are different than rehabilitation services. As the Plan explains, an example of "habilitation services" is "therapy for a child who isn't walking or talking at the expected age." Yale Plan, at p. 35. Curtis cannot re-write the Complaint in his opposition to a motion to dismiss. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) ("A party is not entitled to amend its complaint through statements made in motion papers."). But even if he could do so, he cannot overturn Aetna's use of CPB 325's medical guidance for PT **rehabilitative** services based on the odd notion that the guidance contradicts the purpose of an entirely different plan benefit – **habilitative** services.

**Second**, Curtis has no claim for disgorgement. Curtis tells the Court that a motion to dismiss is not "a vehicle for striking one of several remedies sought based on a claim." Opp. Br., pp. 23-24. But courts can and do dismiss claimed remedies that are supported by inadequate factual allegations. *E.g.*, *Yunus v. Robinson*, No. 17-CV-5839 (AJN), 2019 WL 168544, at *14 (S.D.N.Y. Jan. 11, 2019) ("Plaintiff's claim for damages… should be dismissed because Plaintiff failed to allege that this condition had been enforced against him in the past."). Even if CPB 325 improperly

narrowed the Yale Plan's medical necessity standard (a claim Curtis has failed to plausibly plead), no set of circumstances exists to allow him to collect money from Aetna. The Complaint alleges the Plan is self-funded. *i.e.*, Yale funds the Plan. Complaint, ¶ 13. By its very words the Complaint proves the absence of a viable disgorgement claim.

**Finally**, Curtis skirts his lack of standing to challenge guidelines unrelated to PT services by mischaracterizing Aetna's objection as directed to Curtis's ability to "assert class claims [against Aetna] pertaining to coverage for therapies other than physical therapy[.]" Opp. Br., p. 18. This misdirection strategy merits only a brief response. Curtis does not allege he ever sought such benefits, and so has no standing to pursue a claim based on their denial. As *Blum v. Yaretsky*, 457 U.S. 991, 1001 (1982) (a case Curtis ignores) makes clear, Curtis does not have standing to pursue claims under those other CPBs because claims for those other types of therapy "are sufficiently different from [PT] … that any judicial assessment of their procedural adequacy would be wholly gratuitous and advisory." *See also Ryan S v. UnitedHealth Grp., Inc.*, No. SACV191363-JVSKESX, 2020 WL 103517, at *3 (C.D. Cal. Jan. 6, 2020) (Dismissal of medical guideline putative class action because plaintiff failed to allege "that specific decisions by Defendants with respect to coverage for any health services he received violated ERISA or his Plan's terms").

## III.   CONCLUSION

Lacking any substantive grounds to prevent dismissal, Curtis's Opposition retreats to technical arguments that misconstrue well-accepted Rule 12(b)(6) principles. No technicality can avoid the conclusion that the Complaint – even construed with every benefit of the doubt in Curtis's favor – must be dismissed. Curtis's desire for PT services to maintain his current level of functionality is simply a benefit the Yale Plan does not provide, regardless of the guidance available in CPB 325. Curtis, already having had the benefit of notice of these defects and an opportunity to cure, should not be afforded a third bite at the apple. *Van Buskirk v. The New York Times Co.*, 325 F.3d 87, 92

(2d Cir. 2003) (dismissal with prejudice because further amendment would be futile). The Court

should therefore dismiss the Amended Complaint with prejudice.

DEFENDANT
AETNA LIFE INSURANCE COMPANY

By: */s/ Theodore J. Tucci*
    Theodore J. Tucci
    Patrick W. Begos
    Ivana D. Greco
    Robinson & Cole LLP
    280 Trumbull Street
    Hartford, CT 06103
    Tel. No. (860) 275-8200
    Fax No. (860) 275-8299
    Email: ttucci@rc.com
    Email: pbegos@rc.com
    Email: igreco@rc.com