**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DENNIS E. CURTIS, on his own behalf and on behalf of all others similarly situated,<br><br>  *Plaintiffs*,<br><br>  v.<br><br>AETNA LIFE INSURANCE COMPANY,<br><br>  *Defendant*. | No. 3:19-cv-01579 |

**RULING ON PENDING MOTION**

  Plaintiff Dennis E. Curtis ("Curtis"), on his own behalf and on behalf of all others similarly situated, brings this action against Aetna Life Insurance Company ("Aetna") alleging that Aetna has violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, by failing to administer Curtis's and the putative class members' claims for benefits under their ERISA group medical benefits plans in accordance with the plans' provisions. Compl., ECF No. 28. Specifically, Curtis alleges that Aetna has violated ERISA by denying benefits to plan members based upon definitions of "medically necessary" contained in a series of internal Aetna Clinical Policy Bulletins that are not a part of, or incorporated in, any of the ERISA plans and that limit, to plan members' detriment, the plans' definition of "medically necessary." *Id.*; ECF No. 38 at 6–7. Aetna filed a motion to dismiss, seeking to dismiss the complaint in its entirety, ECF No. 33, which I granted, ECF No. 46. Curtis now seeks to amend, alter, or vacate the judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b) and for leave to amend his complaint pursuant to Rule 15(a). ECF No. 48. For the reasons below, I grant the motion to alter the judgment and for leave to amend the complaint.

1

**I.     BACKGROUND**

I assume familiarity with the parties' briefs and incorporate by reference my ruling on the motion to dismiss, *Curtis v. Aetna Life Ins. Co.,* No. 3:19-CV-01579, 2021 WL 1056785, (D. Conn. Mar. 18, 2021). I briefly summarize the facts and set forth additional facts as necessary to understand this ruling.

Curtis filed his initial complaint on October 8, 2019. ECF No. 1. On December 6, 2019, Aetna moved for a pre-filing conference and provided an overview of its anticipated motion to dismiss Curtis's complaint. ECF No. 17 at 1. In its memorandum for the prefiling conference, Aetna argued that Curtis could not state a claim for benefits under the Yale Plan because the physical therapy benefits he sought would not significantly improve his condition and the Yale Plan covers only physical therapy "expected to ***significantly improve*** or restore physical functions." *Id.* at 5 (emphasis in original and citations omitted). I held a pre-filing conference to discuss Aetna's anticipated motion to dismiss on January 15, 2020, at which I offered Curtis the opportunity to amend his complaint to address Aetna's arguments. ECF Nos. 24, 25. After the conference, Curtis filed a notice indicating his intention to file an Amended Complaint, ECF No. 27, and on January 27, 2020, he filed his Amended Complaint, ECF No. 28. Of note, Curtis added in his Amended Complaint that his prescribed physical therapy services "constitute[d] covered benefits for eligible health services pursuant to the Yale Plan," *id.* ¶¶ 29, 32, and that the Yale Plan's approval of Curtis's physical therapy services "confirm[ed] that such services were "covered eligible health services under the Yale Plan," *id.* ¶ 34.

Aetna filed a motion to dismiss the Amended Complaint on March 2, 2020, ECF No. 33, which I granted on March 18, 2021, *Curtis,* 2021 WL 1056785 at *1. In my ruling on the motion to dismiss, I applied a *de novo* standard of review to determine whether Curtis had alleged that he was denied a benefit to which he was entitled under the Yale Plan. *Id.* at *7, *13. The Yale

2

Plan covers outpatient short-term rehabilitation services that are "expected to significantly improve or restore physical functions lost as a result of an acute illness, injury or surgical procedure" and outpatient habilitation services that are "expected to develop an impaired function." *Id.* at *4. But the Yale Plan excludes "maintenance care." *Id.* Because Curtis failed to allege that his "treatments [had] led to any improvement in his condition since July 2016 or that any future treatments are expected to lead to any improvement in his condition," *id.* at *10, I concluded that Curtis sought "rehabilitative maintenance physical therapy treatment."[1] *Id.* at *9–11. Therefore, I held that Curtis sought a benefit that was beyond the scope of the Yale Plan and granted Aetna's motion to dismiss. *Id.* at *12–13.

After I granted the motion to dismiss, on March 30, 2021, Curtis filed a motion to alter, amend, or vacate the judgment pursuant to Fed. R. Civ. P. 59(e) and 60(b) and for leave to file a Second Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2). ECF Nos. 48, 49.

### Proposed Amendments to the Amended Complaint

Curtis proposes to add the following four paragraphs to his Amended Complaint:

¶ 36A. The Yale Plan provides that Eligible Health Services include short-term rehabilitation services, including physical therapy services, when such services:
     a. help the patient restore or develop skills and function for daily living;
     b. are prescribed by a physician;
     c. are performed by a licensed or certified physical therapist;
     d. follow a specific treatment plan; and
     e. are expected to significantly improve or restore physical functions lost   as a result of an acute illness, injury or surgical procedure.

¶ 36B. The physical therapy services for which Mr. Curtis has been denied coverage were Eligible Health Services under the Yale Plan's provision conferring benefits for short-term rehabilitation services in that: (a) the services were prescribed by plaintiff's physicians to help plaintiff restore or develop skills and function for daily living; (b) the services were performed by a certified physical

---

[1] I noted that "Curtis makes no mention of "habilitative services" in his complaint." *Curtis*, 2021 WL 1056785 at *11.

3

therapist and followed a specific treatment plan; (c) the services were prescribed by plaintiff's physicians with the expectation that they would significantly improve physical functions lost as a result of an acute illness, injury or surgical procedure and would, had such services been provided, result[] in significant improvement of such physical functions; and (d) the services were prescribed by plaintiff's physicians with the expectation that they would restore physical functions lost as a result of an acute illness, injury or surgical procedure, and would, had such services been provided, result[] in restoration of such physical functions.

¶ 36C. The Yale Plan provides that Eligible Health Services include habilitation therapy services, including physical therapy services, when such services:
      a. help the patient keep, learn, or improve skills and functioning for daily living;
      b. are prescribed by a physician;
      c. are performed by a licensed or certified physical therapist;
      d. follow a specific treatment plan; and
      e. are expected to develop any impaired function.

¶ 36D. The physical therapy services for which Mr. Curtis has been denied coverage were Eligible Health Services under the Yale Plan's provision conferring benefits for habilitation therapy services in that: (a) the services were prescribed by plaintiff's physicians to help plaintiff keep, learn, or improve skills and functioning for daily living; (b) the services were performed by a certified physical therapist and followed a specific treatment plan; and (c) the services were prescribed by plaintiff's physicians with the expectation that they would develop one or more impaired functions and would, had such services been provided, result[] in such development.

ECF No. 48-1 at 2–3.

## II. DISCUSSION

### A. Appropriate Legal Standard

Curtis argues that his motion is governed by the standards for leave to amend under Rule 15 and that "the judgment may properly be reopened without a showing that the traditional requirements of Rules 59(e) or 60(b) have been met." ECF No. 49 at 7. I disagree. The Second Circuit has made clear that "[a] party seeking to file an amended complaint post[-]judgment must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020) (quoting *Ruotolo v. City of City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *see id.* at 145–146 (declining to give

4

"*sole* regard" to Rule 15 and rejecting the plaintiff's argument that "the district court was obliged to consider their proposed amendment only under Rule 15(a)(2), effectively replacing the standards under Rules 59(e) and 60(b) with those in Rule 15(a)(2) to decide their post-judgment motion."). When courts consider motions to amend in the post-judgment context, courts must evaluate those motions "with due regard to *both* the value of finality *and* the policies embodied in Rule 15." *Williams v. Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011) (emphasis added). And further, as the Second Circuit stated in *dicta*, "it might be appropriate" for courts to consider "the nature of the proposed amendment in deciding whether to vacate the previously entered judgment." *Metzler Inv. Gmbh*, 970 F.3d at 143 (2d Cir. 2020) (quoting *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 242 (2d Cir. 1991)). But still, the inquiry into whether to vacate a judgment and the inquiry into whether to grant leave to amend a complaint "are distinct," and "a court need only consider whether the proposed amendment would pass muster under Rule 15 once it has been satisfied that vacatur of the judgment is appropriate." *Obra Pia Ltd. v. Seagrape Invs. LLC*, No. 19-CV-7840 (RA), 2021 WL 1978545, at *3 (S.D.N.Y. May 18, 2021) (citing *Metzler*, 970 F.3d at 136, as an example in which the Second Circuit affirmed the district court's denial of the plaintiffs' Rule 59(e) and 60(b) motions and declined to address the Rule 15 analysis). "It would be contradictory to entertain a motion to amend the complaint" without "a valid basis to vacate the previously entered judgment." *Metzler Inv. Gmbh*, 970 F.3d at 142 (quoting *Nat'l Petrochemical Co. of Iran*, 930 F.2d at 245). "To hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." *Id.* (quoting *Williams*, 659 F.3d at 213).

**B.     Rule 59(e)**

Under Rule 59(e), a court may alter or amend a judgment "only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (internal quotation marks omitted) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)). "A Rule 59(e) motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *4 Pillar Dynasty LLC v. New York & Co., Inc.*, 933 F.3d 202, 216 (2d Cir. 2019) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)). The decision of whether to grant a Rule 59(e) motion is "committed to the sound discretion of the district judge." *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)

Here, considering the nature of the proposed amendment and my finding below that it is not futile, I find that the judgment must be altered to prevent "manifest injustice." As explained below, Curtis had amended his complaint once before to remedy the deficiencies described by Aetna during the pre-filing conference. Curtis maintained in his opposition to the motion to dismiss that the allegations in the Amended Complaint—that his physical therapy services "constitute[ed] eligible health services" under the Yale Plan and that Aetna had already found that his physical therapy services qualified as "eligible health services"—were sufficient to allege that he sought covered benefits under the Yale Plan. ECF No. 38 at 16. I found that Curtis's first amendment was unsuccessful because he failed to include factual allegations that his physical therapy services were expected to "significantly improve" physical functions or "expected to develop impaired functions." Now, Curtis seeks to cure those factual deficiencies in his proposed amendment—an amendment that I find is not futile as discussed below. This is

6

not a situation where Curtis has been afforded multiple opportunities to plead adequately that he seeks a covered benefit. *See Metzler*, 970 F.3d at 147 (stating that the district court's denial of the plaintiffs' Rule 59(e) and Rule 60(b) motion did not "cause any injustice, manifest or otherwise" because the plaintiffs had amended their complaint three times and "four bites at the apple is more than enough"). Curtis has only amended his complaint once before and now seeks to amend for a second time. If I decline to alter the judgment and grant Curtis leave to file a Second Amended Complaint, then "manifest injustice" would result because his plausible claim would be dismissed despite Curtis's efforts to plead a claim.[2]

**C.     Rule 15(a)(2)**

Under Rule 15(a)(2), a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) is a "liberal" and "permissive" standard, *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (internal quotations marks and citation omitted), but a court may properly deny leave to amend for "futility, bad faith, undue delay, or undue prejudice to the opposing party," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). The burden is on the non-movant to demonstrate undue prejudice or bad faith. *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

Curtis argues that the Court should grant him leave to amend because there is no "undue delay, bad faith, or dilatory motive." ECF No. 49 at 8. Further, Curtis asserts that his proposed amendment cures the deficiencies in his Amended Complaint as described in the ruling on the motion to dismiss. *Id.* at 9–10. Aetna counters that Curtis's proposed amendment "is inexcusably late, was delayed for tactical reasons, and is futile." ECF No. 51 at 11–15. Because

---

[2] Because I find that Curtis satisfied Rule 59(e), I decline to address Curtis's motion under Rule 60(b).

7

I find that the circumstances do not show undue delay, bad faith, or undue prejudice and because I find that the proposed amendment is not futile, I grant Curtis leave to file a Second Amended Complaint.

      i.    <u>Undue Delay</u>

Aetna argues that Curtis's "proposed amendment is inexcusably late." ECF No. 51 at 8. Curtis contends that he did not act in a "dilatory manner" because he sought leave to amend his Amended Complaint "promptly following the Court's decision" on the motion to dismiss. ECF No. 49 at 9. I agree with Curtis.

A "mere delay … absent a showing of bad faith or undue prejudice[] does not provide a basis for a district court to deny the right to amend." *State Tchrs. Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). "The court plainly has discretion, however, to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990). "A district court may [also] deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay." *Dilworth v. Goldberg*, 914 F. Supp. 2d 433, 460 (S.D.N.Y. 2012) (internal quotation marks and citation omitted).

While the Second Circuit has "not set out a specific definition for undue delay, … most delays warranting denial of leave to amend are several years in length and are discussed in conjunction with prejudice or bad faith." *Schvimmer v. Off. of Ct. Admin.*, 857 F. App'x 668, 673 (2d Cir. 2021). Here, Curtis filed his motion to amend about seventeen months after his initial complaint and promptly after the ruling on the motion to dismiss. Pursuant to the

scheduling order, the parties commenced discovery on February 17, 2020, limiting "the scope of discovery … to Mr. Curtis's claim and class certification issues involving CPB 325." ECF No. 32. The scheduling order also provided that, "[i]f necessary, discovery for class certification as to other CPBs [would] commence upon the Court's ruling on Defendant's motion to dismiss and [would] be completed by 120 days after the ruling on the motion to dismiss." *Id.* The scheduling order set a deadline for Curtis's motion for class certification for 150 days after the ruling on the motion to dismiss. *Id.* The scheduling order did not set a trial date and I have not yet such a date. Thus, when I ruled on the motion to dismiss, the parties were in the middle of discovery and months away from Curtis's deadline for his motion for class certification. Although the parties had completed some discovery, Curtis's proposed amendment does not appear to "unduly delay the course of proceedings by … introducing new issues for discovery," *Grace v. Rosenstock*, 228 F.3d 40, 54 (2d Cir. 2000), because it adds allegations only to a cause of action that Curtis already included in his initial complaints. Further, as stated below, I will allow the parties an opportunity to submit another Rule 26(f) Report for a new scheduling order, which will likely permit the parties to conduct additional discovery as necessary. Under the circumstances, I do not find the delay "undue." *See Rochester Drug Co-Operative, Inc. v. Hiscox Ins. Co., Inc.*, 545 F. Supp. 3d 21, 25 (W.D.N.Y. 2021) (rejecting the defendant's argument that the plaintiff was unduly delayed in moving to amend because the case was still in the early stages of litigation—in fact, there had not yet been a scheduling conference under Fed. R. Civ. P. 16); *State Tchrs. Ret. Bd.*, 654 F.2d at 856 (finding that district court abused its discretion by denying leave to amend where no trial date had been set and no motion for summary judgment had yet been filed); *Block*, 988 F.2d at 350 (holding that the district court did not abuse its discretion by granting defendants' motion to amend its answer filed four years after

the initial complaint was filed where the plaintiffs were not prejudiced); *Middle Atl. Utils. Co. v. S.M.W. Dev. Corp.*, 392 F.2d 380, 382–83, 384–85 (2d Cir. 1968) (holding that—despite the notice of trial readiness and plaintiff's awareness of facts supporting new claims two years before the filing of the initial complaint—a "three-year delay from the filing of the initial complaint is an inadequate basis for denying a motion to amend" unless there was bad faith or undue prejudice). Further, as discussed below, I do not find that the circumstances support undue prejudice or bad faith.

Therefore, I find that the length of time between Curtis's initial complaint and his motion for leave to amend does not constitute "undue delay" and decline to deny the motion for leave to amend on the basis of undue delay.

    ii.    <u>Bad Faith</u>

Aetna appears to argue that Curtis moved to amend in bad faith. Specifically, Aetna argues that Curtis knew that Aetna planned to argue that he was seeking maintenance therapy from the prefiling conference, amended his original complaint to address Aetna's contention, and failed to include his latest proposed allegations, which were known to him at the time, in the Amended Complaint. ECF No. 51 at 8. Aetna also argues that Curtis's latest proposed allegations that he sought rehabilitative physical therapy services contradict his allegations in the Amended Complaint and arguments in his opposition to the motion to dismiss that Aetna wrongfully denied services meant to "maintain and prevent deterioration of a patient's condition." *Id.* at 4. Aetna contends that Curtis "made a tactical decision *not* to allege that his physical therapy was expected to improve his function," *id.* at 12 (emphasis in original), in order to "provide him the opportunity to lead a nationwide class action," *id.* at 14.

Curtis counters that he believed he had alleged adequately that his physical therapy services were covered under the Yale Plan in his Amended Complaint so "there was no reason for [him] to believe that additional facts were necessary." ECF No. 52 at 3.  In addition, Curtis argues that his position has remained consistent because he has maintained throughout this litigation that "his physical therapy services were covered benefits, and therefore not excluded maintenance therapy." *Id.*  After reviewing the pleadings, I conclude that the circumstances do not support a finding of bad faith.

A court may find bad faith when "when a party made a tactical decision to disclaim allegations ... and to wait until after the Court's judgment to alter substantially its legal theory." *In re Patriot Nat'l, Inc. Sec. Litig.*, No. 17 CIV. 1866 (ER), 2021 WL 3418615, at *5 (S.D.N.Y. Aug. 5, 2021) (internal quotation marks and citation omitted).  "Bad faith may also be revealed through ... material changes to facts and theories pled if the new facts and theories were known to the plaintiff at the outset of the case." *Id.* (internal quotation marks and citation omitted).

First, I find that Curtis did not exclude the facts alleged in the proposed amendment as a "tactical decision."  Curtis explains that he "*attempted* in his [Amended] Complaint to allege that the physical therapy services for which he seeks reimbursement are covered services under the Yale Plan." ECF No. 49 at 2 (emphasis in original).  He cites various paragraphs in the Amended Complaint that state that his physical therapy treatments "constitute covered benefits … pursuant to the health plan" and that Aetna's decision on January 14, 2020 that Curtis's physical therapy services were covered under the Yale Plan "confirms that such services are covered." *Id.* at 3.  In my ruling on my motion to dismiss, however, I found that Curtis's allegations stating that his physical services were covered under the Yale Plan were "conclusory" and "legal conclusion[s] couched as factual allegation[s]." *Curtis,* 2021 WL 1056785 at *13.

11

Further, I stated that "I owe[d] no deference" to the Yale Plan's determination that Curtis's services were covered at various times and that "Aetna [could not] waive a coverage limitation by erroneously approving benefits that the Yale Plan does not cover." *Id.* at *13.  Therefore, I concluded that Curtis failed to allege that his treatments "led to any improvement in his condition … or that any future treatments are expected to lead to any improvement in his condition," *id.* at *10, and that Curtis sought "a benefit that is beyond the scope of the Yale Plan," *id.* at *12.  Now, Curtis "seeks to amend his [Amended] Complaint to add … paragraphs to clarify what he had believed the [Amended Complaint] had sufficiently alleged – that the physical therapy services for which he seeks reimbursement in this action were Eligible Health Services under the provisions of the Yale Plan."  ECF No. 49 at 5.

Based on the facts above, Curtis was aware of the factual allegations that he now asserts in his proposed amendment at the beginning of this litigation but his omission of those allegations does not appear to have been "tactical."  Rather, Curtis made a good faith effort to amend his complaint to include allegations that he believed were sufficient to allege that his physical therapy services were covered under the Yale Plan, but I found that he failed to adequately do so.  And while it is true that a plaintiff is "not entitled to an advisory opinion from the Court informing them of the deficiencies in the complaint and then an opportunity to cure those deficiencies," *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007) (citation omitted), it is also true that "many [] plaintiff[s] will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies" "[w]ithout the benefit of a ruling," *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015).  In addition, this is not an instance where Curtis completely

failed to claim that he did qualify for those benefits [3] or where Curtis has had multiple "bite[s] at the proverbial apple." *Bellikoff*, 481 F.3d at 118 (2d Cir. 2007) (affirming district court's denial of the plaintiffs' request to amend their complaint for the third time); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that a court may deny leave to amend for "repeated failure to cure deficiencies by amendments previously allowed").  Curtis amended his complaint once believing that he had cured the deficiency that Aetna identified and now seeks another opportunity to cure that deficiency with the benefit of a ruling from the Court.

Second, I find that Curtis's proposed amendments are consistent with his position asserted at the beginning of the litigation that he qualifies for benefits under the Yale Plan.  In Curtis's initial complaint, he alleged that he was "entitled to payment of health care expenses covered by the Yale Plan, including expenses for physical therapy and other rehabilitative therapy services, that are 'medically necessary,' as defined in the Yale Plan," ECF No. 1 ¶ 14, and that he was "wrongly denied benefits under the Yale Plan for medically necessary physical therapy ordered by his physicians," *id.* ¶ 31.  In Curtis's Amended Complaint, he consistently states that his physical therapy services constituted "covered benefits" for "eligible health services" under the Yale Plan.  ECF No. 28 ¶¶ 28–29, 32–34.  In Curtis's opposition to Aetna's motion to dismiss, he argued that his physical therapy services "constituted eligible Yale Plan

---

[3] Aetna cites *Ruotolo v. City of New York*, 514 F.3d 184 (2d Cir. 2008), to support its argument that a court may deny a motion to amend when a plaintiff omits facts for tactical reasons. ECF No. 51 at 12. In *Ruotolo*, after the district court dismissed the case, the plaintiff sought leave to file a Third Amended Complaint to plead another instance of speech for his retaliation claim. 514 F.3d at 190. The plaintiff was aware of the speech when he initially filed his complaint but claimed that "he did not realize its significance" until a recent Supreme Court case. *Id.* at 191. The Second Circuit rejected his argument, stating that nothing prevented him from pleading this instance of speech and that he did not seek to amend his complaint "promptly following" the Supreme Court case. *Id.* at 192. Further, the plaintiff's request to amend came "post-judgment in a case that had been trial-ready, and pleads a new scenario that would prevent disposition of the case until either further motion practice or a trial." *Id. Ruotolo* is distinguishable from this case because, as described above, Curtis does not attempt to plead a new scenario altogether. Instead, Curtis seeks to add factual detail to his pleading of his entitlement to benefits under the Yale Plan. And unlike *Ruotolo*, this case is far from trial-ready.

13

benefits." ECF No. 38 at 16. Curtis's proposed amendment maintains that his physical therapy services satisfy the requirements for an eligible health service under the Yale Plan.

Aetna points out, however, that Curtis's claims in the Amended Complaint challenged "Aetna's contention that rehabilitative therapy services are not medically necessary unless they will significantly improve a patient's condition – and, in particular, are not medically necessary when the services will maintain and prevent deterioration of a patient's condition." ECF No. 51 at 7; *see* ECF No. 28 ¶ 4 (Amended Complaint provides the following: "Aetna has … denied coverage for physical therapy services prescribed, as medically necessary, by Mr. Curtis's and other covered members' physicians, based on Aetna's CPB #325, which restricts a finding that physical therapy services are medically necessary to circumstances in which such services will 'improve significantly' the patient's condition within a 30-day period and excludes physical therapy services necessary to *preserve* or *prevent deterioration* of physical function or as to which the time for expected improvement cannot be predicted - limitations not contained in the plans' definition of medically necessary and contrary to accepted medical standards for when physical therapy is medically warranted." (emphasis added)). Aetna argues that the Amended Complaint alleges that Curtis sought maintenance therapy, which is not covered by the Yale Plan, and now, the proposed amendment seeks to add facts that Curtis sought rehabilitative therapy, which is covered by the Yale Plan. ECF No. 51 at 4, 7–9. Further, Aetna contends that Curtis is proposing to revive this case on "the implausible basis that the physical therapy services at issue were both intended to improve [Curtis's] function, and not intended to improve his function." *Id.* at 5. Even if the new allegations concerning the types of services that Curtis sought contradict parts of the Amended Complaint, however, Fed. R. Civ. P. 8 allows plaintiffs to "plead[] inconsistent theories in the alternative." *Kruse v. Wells Fargo Home Mortg., Inc.*,

383 F.3d 49, 55 (2d Cir. 2004). Thus, under Rule 8, Curtis is allowed to plead different, even contradictory, theories that he was wrongfully denied benefits. And I find that this inconsistency is not indicative of "bad faith"—as discussed above, Curtis had attempted to plead that his therapy qualified as an eligible health service but failed.

Therefore, I decline to deny the motion for leave to amend on the basis of bad faith.

iii.   Undue Prejudice

Aetna argues that Curtis's amendment would impose a "cost on defendants, and the courts." ECF No. 51 at 14. Curtis counters that "the burden of responding to a well-pleaded complaint" and the burden of discovery do not amount to "undue prejudice" under Rule 15. ECF No. 49 at 9.

In assessing whether an amendment is unduly prejudicial to the non-movant, courts may consider "whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block*, 988 F.2d at 350. Courts may also consider the "procedural posture of the case" and "[w]hether a party had prior notice of a claim and whether the new claim arises from the same transaction as the claims in the original pleading … because prejudice occurs if the opposing party would experience undue difficulty in defending a lawsuit because of a change in tactics or theories on the part of the movant." *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 454–55 (S.D.N.Y. 2016) (internal quotation marks and citations omitted). But an "adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *U.S. For & on Behalf of Mar. Admin. v. Cont'l Illinois Nat. Bank & Tr. Co. of Chicago*, 889 F.2d 1248, 1255 (2d Cir. 1989)

I find that Curtis's amendment would not unduly prejudice Aetna. Aetna had notice of the claim in the proposed amendment. As discussed above, Curtis does not seek to add a new theory; instead, his proposed amendment attempts to remedy the pleading deficiencies pointed out in the ruling on the motion to dismiss. Further, the proposed amendment "arises from the same transaction as the claims in the original pleading." Aetna also can avoid any "problems of proof." Courts usually will find undue prejudice when the proposed amendment comes "on the eve of trial and would result in new problems of proof." *Ruotolo*, 514 F.3d at 192 (citation omitted); *see also Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) (affirming the district court's denial for leave to amend when plaintiffs filed a motion to amend after discovery had been completed and a summary judgment motion was pending). Here, as noted above, no trial date has been set, and the parties were in the middle of discovery when I ruled on the motion to dismiss. Aetna does not argue that the proposed amendment would prejudice its discovery efforts, such as by causing it to retake depositions. Aetna may adjust to changes, if any, the proposed amendment makes to the case through the discovery process.

Therefore, I decline to deny the motion for leave to amend on the basis of undue prejudice.

    iv.    <u>Futility</u>

Aetna argues that "Curtis merely seeks to add conclusions that his physical therapy was covered" and that new proposed allegations are conclusory. Aetna asserts that Curtis fails to plead specific details about his medical condition, functions lost, and services intended to improve those functions. ECF No. 51 at 14. Curtis contends that the allegations in the proposed amendment demonstrate that Curtis's physical therapy services qualify for short-term

16

rehabilitation and habilitation therapy services under the Yale Plan and that specific details about his condition and treatments are not required. ECF No. 52 at 4. I agree with Curtis.

"An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Fed. R. Civ. P.] 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). "If the problems with a claim are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to replead would be 'futile' and 'should be denied.'" *Jordan v. Chase Manhattan Bank*, 91 F. Supp. 3d 491, 510 (S.D.N.Y. 2015) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). If, however, "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

After reviewing Curtis's proposed amendment, I find that it is sufficient to state a plausible claim for wrongful denial of benefits under ERISA. In the ruling on the motion to dismiss, I found that Curtis failed to plead that his physical therapy treatments were "expected to significantly improve or restore physical functions lost" in satisfaction of the requirements for rehabilitative therapy, *Curtis,* 2021 WL 1056785 at *12, and failed to make any reference to habilitative therapy, *id.* at 11. The proposed amendment, when considered together with the factual allegations from the Amended Complaint, cures those deficiencies.

First, Curtis plausibly alleges that he sought rehabilitative physical therapy services within the meaning of the Yale Plan. Under the Yale Plan, outpatient "short-term rehabilitation services" "help you restore or develop skills and functioning for daily living," are prescribed by your physician, follow a specific treatment plan, and are "expected to significantly improve or restore physical functions lost as a result of an acute illness, injury or surgical procedure."

17

*Curtis,* 2021 WL 1056785 at *4. When drawing all reasonable inferences in Curtis's favor, the proposed amendment together with the Amended Complaint indicate that (1) Curtis had "balance, strength[,] and mobility issues caused by neurological and other conditions and surgical procedures," (2) Curtis's physician prescribed him those services to "help [him] restore or develop" his balance and mobility skills for daily living, (3) those services followed a "specific treatment plan," and (4) those services were expected to "significantly improve" or "restore" his physical functions related to balance and mobility that were lost as a result of his neurological condition or surgical procedure. *See* ECF No. 28 ¶ 28; ECF No. 48-1 at 2. Thus, Curtis has plausibly alleged that he sought rehabilitative physical therapy services and that he was wrongfully denied that benefit under the Yale Plan.

Second, Curtis plausibly alleges that he sought habilitative physical therapy services within the meaning of the Yale Plan. Under the Yale Plan, outpatient habilitative physical therapy services "help you keep, learn, or improve skills and functioning for daily living," are prescribed by your physician, follow a specific treatment plan, and are "expected to develop any impaired function." *Curtis,* 2021 WL 1056785 at *4. In addition to the facts described above, Curtis alleges that his physician prescribed him the physical therapy services to help him "keep, learn, or improve skills and functioning for daily" and that his physician expected those services "would develop one or more impaired functions." ECF No. 48-1 at 3. Although these allegations are not detailed, when drawing all reasonable inferences in Curtis's favor, I find that the proposed amendment together with the Amended Complaint allege that Curtis's physician prescribed him the services to "keep, learn, or improve" his functioning related to his balance and mobility for his daily living and expected the services to "develop" those "impaired functions." ECF No. 48-1 at 3; *see* ECF No. 28 ¶ 28. Thus, Curtis has plausibly alleged that he

18

sought habilitation physical therapy services under the Yale Plan and that he was wrongfully denied that benefit.

Because I find that the proposed amendment is not futile, I grant Curtis leave to amend his complaint.[4]

### III. CONCLUSION

For the reasons above, I grant the motion to alter or amend judgment and for leave to amend the complaint. Within 14 days of this order, Curtis shall file a Second Amended Complaint with the allegations listed in the proposed amendment—and no others—and the parties shall file a revised Rule 26(f) Report.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:  Hartford, Connecticut
        March 15, 2022

---

[4] The parties do not address Aetna's contention raised in the motion to dismiss that Aetna's use of the CPB 325 did not violate ERISA as a matter of law. ECF No. 34 at 28. In the ruling on the motion to dismiss, I "note[d]—without deciding—that CPB #325's definition of 'medically necessary' [was] not necessarily narrower than that found in the Yale Plan." *Curtis,* 2021 WL 1056785 at *13 n.13.